FARMERS & MECHANICS' BANK *vs.* HENRY T. WELLES and others, Garnishees.

April 2, 1877.

**Garnishment—Opinion of Garnishee—Supplemental Complaint.**—When a garnishee expresses an opinion that, at the time of the service of the summons, he had no property of defendant in his possession or control, but, upon full disclosure, develops facts showing that such opinion is incorrect, the case is not one which calls for a supplemental complaint.

Same—Owners of Private Boom charged as Garnishees.—The owners of a private boom, who have exclusive possession and control of the same, may properly be charged as garnishees of a defendant who has placed logs, of which he is owner, in such boom for safe-keeping, under an agreement with the boom-owners, who are to receive an agreed price for keeping the same.

Plaintiff brought this action in the court of common pleas of Ramsey county, against John Parker, as endorser of a promissory note, and summoned, as garnishees, Henry T. Welles, William W. Eastman, and John Martin, as trustees and assignees of W. D. Washburn, under a general assignment for the benefit of his creditors. The plaintiff, having obtained judgment against Parker, moved for judgment against the garnishees upon the disclosure set forth in the opinion. The motion was granted by *Brill*, J., and judgment was entered accordingly, from which the garnishees appeal.

*Lochren, McNair & Gilfillan*, for appellants.

*Morris Lamprey*, for respondent.

BERRY, J. The important portions of the garnishees' disclosure, which was made by H. T. Welles, are as follows, viz. : " At the time of the service of the garnishee summons, July 20, 1875, we, the garnishees, did not have any personal property in our possession or under our control belonging to the defendant, John Parker, as I understood it. Mr. Parker, the defendant, requested us, these assignees of W. D. Washburn, to receive his logs, coming down Rum river, into our boom at Rum river, at or near Anoka, Minn. We received them into the boom—about 1,200,000 feet of pine logs. * * * I presume them to be marked with Parker's mark. * * * A part, if not all, were received before the service of the summons. My impression is that the bulk of the logs were received before the service of the summons. He, Parker, is to pay thirty-five cents per thousand for boomage. This price was agreed upon, and is the usual rate. * * * The logs are now at the boom, at or near Anoka, in the boom lately belonging to General Washburn, now belonging to his assignees. * * * Washburn made

a general assignment to us for the benefit of his creditors. This boom passed to the assignees under that assignment. The assignees have accepted the trust, and acted as such, and are now acting as such assignees. That is all there is about the logs. The logs, I should think, were worth six or seven dollars per thousand where they lie. * * * We do not claim any lien upon, or control over, these logs. The boom is a private boom, and we have charge and control of the boom through our agents, and have had ever since the assignment, November 1, 1874. * * * We had 2,000,000 feet of logs, in the spring, in the boom belonging to us. These logs had our mark or marks upon them. We received these logs of Parker for safe-keeping, and to keep them from going out of Rum river—I mean the logs that belonged to Parker." Upon this disclosure the court below found the garnishees chargeable, and rendered judgment accordingly.

The garnishees contend that, having denied the possession or control of the logs, the plaintiff could not proceed further against them, except upon supplemental complaint, as provided in Gen. St. c. 66, § 158. That section provides for the proceeding by supplemental complaint, where the garnishee, "upon full disclosure," denies possession or control of any property of the defendant, and the plaintiff does not believe that the garnishee answers truly. In this case, although the disclosing garnishee expresses his opinion that the garnishees had no property of defendant in their possession or control, the "full disclosure" develops facts which, if the court below is right in its conclusions, show that this opinion is incorrect. Neither does the plaintiff claim that the disclosure is in any respect untrue. The case, then, does not call for a supplemental complaint, (*Leighton* v. *Heagerty*, 21 Minn. 42 ;) but the facts, as stated in the disclosure, (the garnishees' admission,) being assented to by the plaintiff, are submitted to the court for its adjudication upon their effect.

The garnishees were properly adjudged to be chargeable.

The logs were in their boom, of which they had exclusive possession and control. They had been placed there for " safe-keeping," under an agreement between the defendant (their owner) and the garnishees, (the owners and keepers of the boom,) who were to receive an agreed price for keeping them. The boom was a private boom, so that the rights and obligations of its owners and keepers, and of the owners of logs therein, are to be determined by reference to general rules of law, and not by any provision of a special character. We can see nothing in the circumstances of the case, in the nature of the property, or in its situation in a boom and in a running stream, to distinguish these logs from any other goods and chattels, as respects the fact of possession and control. They were in the possession and control of the garnishees because they were in a boom of which the garnishees were owners, and of which they had exclusive possession and control, and they were, therefore, under the statute, proper subjects of garnishment.

We are referred, by the counsel for the garnishees, to Gen. St. c. 32, §§ 19, 20, 22, 23, as amended by Laws 1871, c. 28. Counsel claim that logs in a boom are not " in the hands, nor under the control," of the boom-owner, within the meaning of the garnishment statute, because, under the provisions of these sections, title to floating logs does not at all depend upon possession, but upon the record of title in the office of the proper surveyor general. We do not think that the sections cited have any tendency to show that logs situated as are the logs in this case are not, in fact, in the possession or control of the boom-owner. That fact existing, the case falls within the express provisions of the statute of garnishment. Section 19, upon which special stress appears to be laid by counsel, provides that " no sale, mortgage, or other transfer or encumbrance of any logs, * * * shall be legal or binding, except between the parties thereto, unless such sale, transfer, mortgage, or encumbrance is in writing, and recorded in the office of the

surveyor general," etc. This section has no reference to garnishment. If a garnishment be in any sense an encumbrance, as counsel seem to suggest, it is not an encumbrance within the meaning of this section, which evidently refers to an encumbrance evidenced by a written contract between parties.

Judgment affirmed.